UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> v. <br> ELIZABETH BENSON, et al., <br> Defendants. | Case No. 19-cv-05454-TSH <br><br> **ORDER RE: MOTION FOR LEAVE TO SERVE BY PUBLICATION** <br> Re: Dkt. No. 19 |

## I. INTRODUCTION

This is a civil action to reduce to judgment federal income tax assessed against Defendants Elizabeth C. Benson and Burton O. Benson and to foreclose the United States' Federal Tax Liens against real property held by them. The government moves for leave to serve process on Defendant Belarus Investments Limited by publication. ECF No. 19. No opposition has been received. The Court finds this matter suitable for disposition without oral argument and **VACATES** the December 26, 2019 hearing. *See* Civ. L.R. 7-1(b). Having considered the government's position, relevant legal authority, and the record in this case, the Court **GRANTS** the motion for the following reasons.

## II. BACKGROUND

The government filed this action on August 30, 2019. Compl., ECF No. 1. According to the complaint, the Bensons hold title to the property located in Contra Costa County at 5 Evans

1  Place, Orinda, California 94563 (the "Subject Property"). *Id.* ¶¶ 6, 13. The government also
2  brings this case against Defendants USAA Federal Savings Bank, Belarus Investments Limited,
3  Contra Costa County Treasurer, and California Franchise Tax Board as they may claim some
4  right, title, or interest in the Subject Property. *Id.* ¶¶ 9-12.

At the time it filed its complaint, the government was aware that Burton Benson died on April 21, 2017 and Elizabeth Benson was ill and in hospice care. *Id.* ¶ 7; Matchison Decl. ¶ 2, ECF No. 19-1. Because of her poor health, the government attempted to facilitate service of the complaint and other initiating documents through some manner other than personal service at her hospice bed, but all efforts proved unsuccessful and Mrs. Benson died on or about October 1, 2019, before being served. Matchison Decl. ¶¶ 3, 5. The government has been unable to locate a family member or other individual willing to serve as a representative for Mrs. Benson in this case. *Id.* ¶ 7.

According to the government, very little information exists with respect to Belarus Investments Limited. Mot. at 2. A Short Form Deed of Trust and Assignment of Rents listing Burton O. Benson and Elizabeth C. Benson as the trustor and Belarus Investments Limited as both the trustee and beneficiary was recorded with the Contra Costa County Recorder's Office on September 25, 2003. Matchison Decl. ¶ 8. Although the document indicates that Belarus Investments Limited is secured in the amount of $1,110,000 by the Subject Property, the government maintains that several aspects of this document are suspect. Mot. at 2. First, there is no individual identified for Belarus Investments Limited and no signatures appear on the document on its behalf. *Id.* Further, after recording, the deed was sent to "Preservation Capital Corp.," whose address is listed as 426 N. Wiget Lane, Suite B, Walnut Creek, California 94598, but Preservation Capital Corp. no longer exists at that address. Matchison Decl. ¶¶ 9-11. The government also maintains it is unclear whether Belarus Investments Limited or Preservation Capital Corp. ever did exist because a search of the California Secretary of State's website for business entities failed to yield any results for any permutation of both names and an internet search has likewise provided no credible leads. *Id.* ¶¶ 9-10. As a result, the government suspects that Belarus Investments Limited is likely a fictitious entity formed to make the Subject Property

2

appear to be near fully encumbered. *Id.* ¶ 12. The government seeks to serve Defendant Belarus Investments Limited by publication. Mot. at 4. Based on the delay in service, the government also seeks an extension of time pursuant to Federal Rule of Civil Procedure 4(m), through March 11, 2020, to complete service on Defendants Elizabeth C. Benson and Belarus Investments Limited. *Id.*

### III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 4(e), a plaintiff may serve an individual in the United States using any method permitted by the law of the state in which the district court is located or in which service is affected. Fed. R. Civ. P. 4(e)(1). California law allows for five basic methods of service: (1) personal delivery to the party, *see* Cal. Civ. Proc. Code § 415.10; (2) delivery to someone else at the party's usual residence or place of business with mailing after (known as "substitute service"), *see id.* § 415.20; (3) service by mail with acknowledgment of receipt, *see id.* § 415.30; (4) service on persons outside the state by certified or registered mail with a return receipt requested, *see id.* § 415.40; and (5) service by publication, *see id.* § 415.50.

California law permits service by publication "if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner" specified in Article 3 of the California Code of Civil Procedure. Cal. Civ. Proc. Code § 415.50(a). In determining whether a plaintiff has exercised "reasonable diligence," the court examines the affidavit to see whether the plaintiff "took those steps a reasonable person who truly desired to give notice would have taken under the circumstances." *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (1978). The "reasonable diligence" requirement "denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." *Kott v. Super. Ct.*, 45 Cal. App. 4th 1126, 1137 (1996). "Before allowing a plaintiff to resort to service by publication, the courts necessarily require him to show exhaustive attempts to locate the defendant, for it is generally recognized that service by publication rarely results in actual notice." *Watts v. Crawford*, 10 Cal. 4th 743, 749 n.5 (1995) (quotations and citations omitted). And because of due process concerns, service by publication should be allowed only "as a last resort." *Donel*, 87 Cal. App. 3d at 333. "However,

3

1 when there is evidence that a defendant is evading service, courts are more willing to allow

2 alternative methods such as service by publication." *Felix v. Anderson*, 2015 WL 545483, at *2

3 (N.D. Cal. Feb. 9, 2015) (citing *Miller v. Super Ct.*, 195 Cal. App. 2d 779, 786 (1961)).

That a plaintiff has taken one or a few reasonable steps to serve a defendant does not mean that all "myriad . . . avenues" have been properly exhausted to warrant service by publication. *Id.* But a plaintiff will generally satisfy its burden through "[a] number of honest attempts to learn [a] defendant's whereabouts or his address" by asking his relatives, friends, acquaintances, or employers, and by investigating "appropriate city and telephone directories, the voters' register, and the real and personal property index in the assessor's office, near the defendant's last known location." *Kott*, 45 Cal. App. 4th at 1137 (quotations omitted). "These are likely sources of information, and consequently must be searched before resorting to service by publication." *Id.* The reasonable-diligence inquiry is fact and case specific. *Id.* at 1137-38 ("[T]he showing of diligence in a given case must rest on its own facts and no single formula or mode of search can be said to constitute due diligence in every case.").

## IV. DISCUSSION

Here, after the government learned of the short form deed assigning Belarus Investments Limited as both the trustee and beneficiary of the Subject Property, it conducted a search of the online database of business entities, located at the California Secretary of State's website, for Belarus Investments Limited and Preservation Capital Corporation, using both of those specific names as well as other iterations. Matchison Decl. ¶ 9. Counsel could not locate any listing, active or dissolved, that matched either name. *Id.* The government also conducted an internet search for Belarus Investments Limited and Preservation Capital Corporation, using both of those specific names as well as other iterations, but counsel was unable to find either a physical or a virtual location for either entity. *Id.* ¶ 10. The government also attempted service by other means. On November 18, 2019, a process server attempted to serve Belarus Investments Limited at the address reflected on its deed for Preservation Capital Corporation, but the process server confirmed that neither entity exists at that location. *Id.* ¶ 11. It appears that Belarus Investments Limited could be a fictitious entity that was created by the Bensons to make their property appear

4

encumbered.

Further, both title holders to the property have died and the government has been unable to locate a family member or other individual willing to serve as a representative for Mrs. Benson, who was the last surviving title holder. As such, the government has been unable to discover from the title holders or their family members whether Belarus Investments is legitimate. *Id.* ¶ 12. Given this background, the Court finds the government has attempted to serve Belarus Investments Limited with reasonable diligence.

The Court next looks to whether service by the proposed publication method is reasonably calculated to give actual notice. As noted above, it is generally recognized that service by publication rarely results in actual notice. *Watts*, 10 Cal. 4th at 749 n.5. However, service under the section 415.50 is deemed complete as provided in California Government Code section 6064, which provides:

> Publication of notice pursuant to this section shall be once a week for four successive weeks. Four publications in a newspaper regularly published once a week or oftener, with at least five days intervening between the respective publication dates not counting such publication dates, are sufficient. The period of notice commences with the first day of publication and terminates at the end of the twenty eighth day, including therein the first day.

Cal. Gov't Code § 6064. If the Court grants the motion, the government states it will publish notice in The East Bay Times, which is a newspaper of general circulation in Contra Costa County. Mot. at 4. As set forth in the complaint, this action is one affecting real property in which Belarus Investments Limited may claim an interest, yet the government is unable to locate it despite reasonable diligence. The Court therefore finds that service by publication is appropriate because it is the method most likely to give actual notice to Belarus Investments Limited, if such an entity exists.

## V. CONCLUSION

For the reasons stated above, the Court **GRANTS** the government's motion. Publication of notice is to be conducted in a manner consistent with California Code of Civil Procedure section 415.50 and California Government Code section 6064 by publishing the summons in The East Bay Times once per week for four consecutive weeks. The Court also **GRANTS** the

5

government an extension of time, until March 11, 2020, by which to effect service on Defendants Elizabeth C. Benson and Belarus Investments Limited.

**IT IS SO ORDERED.**

Dated: December 5, 2019

_____
THOMAS S. HIXSON
United States Magistrate Judge